# I.    UNITED STATES DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS

JOSHUA WORTMAN, individually and on behalf of all others similarly situated,

                              Plaintiff,

v.

LOGMEIN, INC., a Delaware corporation,

                              Defendant.

CIVIL ACTION NO.

COMPLAINT

JURY DEMANDED

## II.    COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Joshua Wortman, individually and on behalf of all others similarly situated, who by and through the undersigned counsel hereby submit this Complaint and Jury Demand against LogMeIn, Inc. ("LMI" or "Defendant") for compensatory and punitive damages, equitable relief, and such other relief deemed just and proper arising from the injuries as a result of LMI's deceptive and unlawful pricing and automatic renewal of its software subscription.  Plaintiff is informed and believes that LogMeIn obtains many of its customers by offering a one-year subscription to their software services at a certain rate.  At the expiration of the year subscription, the product automatically renews at an increased rate without any notification to LogMeIn's customers.  Such automatic renewal business policies are recognized as plainly predatory and thus disfavored by law and to the extent they are allowed, they are heavily regulated.   In support of this Complaint, Plaintiff alleges the following.

## III.  INTRODUCTION

1.    LMI is a company that offers annual subscriptions to its online products.

2.    At the end of the one year subscription period, the subscription automatically renews at a significantly higher rate, without any notification to the customer.

3.      Had Plaintiff known the truth about LMI's billing practices, Plaintiff would have never purchased a subscription to LMI's software.

4.      Plaintiff brings claims for compensatory and punitive damages, as well as equitable relief.

## IV.  JURISDICTION  AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because LMI is a citizen of a state other than the state in which Plaintiff is a citizen.

6.      Venue in this judicial district is proper under 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      At all times herein mentioned, LMI conducted, and continues to conduct, a substantial amount of business activity and has committed a tort, in whole or in part, in this judicial district. LMI has its principal place of business in this district.

## V.   PARTIES

8.      Plaintiff, Joshua Wortman is an individual and is and was at all relevant times herein a citizen of California

9.      On information and belief, Defendant LogMeIn, Inc. is a Delaware corporation with its principal place of business in Massachusetts that provides users subscription services to remotely access to their computers.

## VI.  FACTUAL BACKGROUND

**1.**      As represented above, Defendant LogMeIn, Inc. operates an online website that allows individuals subscriptions to remote access software.  The website indicates that you can have a year long subscription at a set price.

**2.**      Prior to purchasing the software, customers are not advised that the subscription automatically renews in a clear and conspicuous manner.  The advisement of the auto renewal is not larger than the surrounding text; in contrasting type, font, or color than the surrounding text; nor is it set off from the surrounding text.

**3.**      After purchasing the software, customers are provided an invoice.  The invoice fails to indicate that the subscription will automatically renew.  The invoice also

fails to indicate that the rate paid for the subscription was a "discounted" or "special rate."

4.      At the end of the subscription period, customer's subscriptions are automatically renewed at a significantly higher rate. The customer does not receive advance notice of the auto renewal or the price at which they will be charged. Additionally, after the subscription automatically renews, customers do not receive an invoice for the purchase. The website fails to disclose, or fails to adequately disclose in a clear and conspicuous manner, that LogMeIn will continue to charge the customer in perpetuity at regular intervals for new subscriptions to the LogMeIn software. To the extent any reference is made to these continuing subscriptions, there are no disclosures presented in a clear and conspicuous manner, as that term is defined by statute as described below. Rather, any such renewal terms are presented in violation of California law, as described herein, in a small or less conspicuous font than the surrounding text, or in the same font as the surrounding text, in a manner designed to prevent the consumer from noticing the terms. Further, when the subscription amount renews, it renews at a greater amount than the customer paid for the initial subscription.

5.      Once customers purchase a subscription for LogMeIn, LogMeIn, Inc automatically enrolls each customer in its auto-renewing software. LogMeIn never obtains the customer's affirmative consent to any automatic renewal terms. During the purchase process, LogMeIn never requires the consumer to affirmatively check or click any box or button stating that the consumer agrees specifically to the automatic renewal terms, or otherwise have the consumer agree specifically to the automatic renewal terms. Indeed, on the initial webpage where an order's terms are presented, LogMeIn nowhere asks the consumer to check or click any box expressly or affirmatively agreeing to any terms and conditions.

6.      Further, LogMeIn sends no notification of the fact that the software is going to renew at the higher rate or an invoice for the renewed software.

7.      Plaintiff made numerous attempts to resolve the issue with LogMeIn. LogMeIn responded by advising Plaintiff that when he accepted the terms and conditions, he agreed that his subscription would renew yearly and that it would renew at the current

rate.  Further, LogMeIn advised Plaintiff that the only way to cancel the auto renewal was to contact LogMeIn.  LogMeIn refused to refund Plaintiff for the unwanted subscription.

8.    Additionally, Defendant made false and misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.  Defendant represented the price of their software as a certain amount but applied discounts from that price for all purchases.  Thus, the "original" price was false and misleading because the software was not sold at that price.  For example, in 2015, the approximate cost of the join me product was $239.  The product was discounted, however, and actually sold for approximately $180.

9.    Finally, Defendant required each of its customers to enter into a contract with many unconscionable terms.  Customers had no ability to negotiate the provisions of the contract and the terms were unfair to the customers.  For example, the contract requires customers to limit any recovery they could receive from Defendant but did not limit Logmein's ability to recover from the customer in any way.

## PLAINTIFF'S FACTS

10.    On June 24, 2014, Plaintiff subscribed to a one-year subscription to LogMeIn's remote access software.  The rate for the subscription was $99.  There was no indication from LogMeIn that this was a discounted rate.  Plaintiff's invoice did not indicate that this was a discounted rate.

11.    On or around June 24, 2015, without notice to Plaintiff, LogMeIn automatically renewed Plaintiff's subscription at the price of $179.88.

12.    In August 2015, Plaintiff noticed that his subscription automatically renewed and at the significantly increased rate. Plaintiff sent LogMeIn an email is renewed subscription at a significantly higher price:

> Hello Join.Me, I see my subscription renewed at a new price, almost double what I agreed to upon subscribing. What? That's very underhanded:
>
> First, I subscribed for a $99 per year subscription, not a $99 introductory subscription! You did not inform me my subscription price would increase.

34

2. You didn't even send me an invoice or an email about my renewal. That's preposterous. I only happened to see it when reviewing my CC statement.

Listen, I find your billing practice very shady and I am truly disappointed in you.

I need you to refund me the $80.91 which I did not agree to pay, and moreover I need you send me an email notification next time my account renews... as every other SaaS or web-ordering service on the internet does!

You may call me if you need, but I need this resolved ASAP.

 

**13.** On August 24, 2015, Heather, a User Services Rep from LogMeIn replied via email indicating that Plaintiff received a 50% discount on his initial subscription and that the new price is the current list price:

Thank you for contacting LogMeIn.

I'd be glad to help you with this and explain what has occurred. When the subscription was purchased back on 6/24/2014, a promo code or coupon was used for 50% off. The promotion is only valid for the first time purchase pricing, all renewals occur at current list pricing. The current list pricing for join.me pro was $179.88/year. When you used the promo code to purchase, you agreed to the terms and conditions for renewal and billing which included explanation of these terms that your subscription would auto renew (unless you contacted us) and that it would be at the current list pricing.

When your subscription renewed on 6/24/2015, it renewed at list pricing as expected and your billing receipt/invoice is located within your account in your Billing section under Billing History. I cannot honor 50% off of the pricing as we do not have this promotion currently running and it was only for first time purchases. Your subscription renewed at list pricing as expected.

We are here to assist our customers 24 hours a day Mon-Fri. If you need further assistance, simply reply to this email or give us a call at 1-866-478-1805.
If we have answered your question, we will send you an email in the next few days asking for your feedback. We value your opinion and thank you in advance for taking the time to click on the survey link and let us know how your experience was with our team.

34

Thank you,  **Heather | User Services Rep**

    **14.**    That same day, Plaintiff sent an email response, stating that he did not receive a 50% discount when he signed up for Join.Me and asking Heather to provide documentation showing that he received a discount:

> Heather,
>
> Thank you for your response but your understanding and information is inaccurate.  <u>I did not sign up for Join.Me with a 50% discount</u>. There is no record of this. If I did, then:
>
> 1. Show me the record that I received a 50% discount. It is not in my invoice.
> 2. <u>50% off of $179.88 is not $99. So it doesn't even make sense.</u>
>
> **Please refund me my $80.91 or I will dispute with the <u>entire charge</u> with my credit card company.**
>
> Thank you,
> Josh

    **15.**    That same day, Heather responded by ignoring his request for documentation showing that he received a 50% discount and directing him to Logmein's terms and conditions, which did not address the issue of whether he was given (or told he was given) a 50% discount when he initially subscribed to Join.me:

> Hi Josh,
>
>  Thanks for your reply.
>
> The join.me pro software has never been offered at a list pricing of $99/year, therefore you did receive a site or coupon promotion at the time of purchase.  The terms and conditions of that purchase were agreed to at that time. (A purchase cannot be made without agreeing to the terms and conditions).  You may review them here: https://secure.logmein.com/policies/termsandconditions.aspx (section 3.7 in reference to promotions/renewals)
>
> I cannot honor the previous pricing as we are no longer offering this promotion.  You are currently receiving a 25% renewal discount off of the current list pricing which is our best current promotion or renewal rate available for the join.me pro yearly.
>
> You are certainly free to report this to your credit card company - you have regular useage on the paid subscription since it's

34

renewal.  We cannot offer refund.

We are here to assist our customers 24 hours a day Mon-Fri. If you need further assistance, simply reply to this email or give us a call at 1-866-478-1805.

If we have answered your question, we will send you an email in the next few days asking for your feedback. We value your opinion and thank you in advance for taking the time to click on the survey link and letting us know how your experience was with our team.

Thanks again for using **join.me**,

Heather | User Services Rep

**16.**    LogMeIn refused to refund Plaintiff for the renewed subscription.

**17.**    These statements of the above representative regarding the price were both false and misleading.

**18.**    Additionally, in order to receive Defendant's product, Defendant required Plaintiff to give up legal rights while Defendant specifically preserved any rights they would have against Plaintiff.   For example, the terms and conditions limited Plaintiff's ability to recover by reducing any period of liability and minimizing his damages. Meanwhile, the terms and conditions specifically preserve all of Logmein's rights.

## CLASS ACTION ALLEGATIONS

**19.**    **Class Definition**: This case is brought as a class action pursuant to Federal Rule of Civil Procedure 23.  Plaintiff seeks certification of this action as a class action on behalf of the following defined class (the "Class"):

**Class A**
All persons in California whose credit cards, debit cards, or back accounts were charged on a recurring basis by LogMeIn, Inc., as part of an automatic renewal plan or continuous service offer and who did not give LogMeIn, Inc., written authorization for the recurring charges since June 22, 2013.

**Class B**

All persons in California whose credit cards, debit cards, or back accounts were charged on a recurring basis by LogMeIn, Inc., as part of an automatic renewal plan or continuous service offer and who were charged for renewal rates that were greater than the initial purchase rate since June 22, 2013.

34

**Class C**

All persons in Massachusetts whose credit cards, debit cards, or back accounts were charged on a recurring basis by LogMeIn, Inc., as part of an automatic renewal plan or continuous service offer and who did not give LogMeIn, Inc., written authorization for the recurring charges within the four years before the filing of this Complaint.

**Class D**

All persons in Massachusetts whose credit cards, debit cards, or back accounts were charged on a recurring basis by LogMeIn, Inc., as part of an automatic renewal plan or continuous service offer and who were charged for renewal rates that were greater than the initial purchase rate within the four years before the filing of this Complaint.

20.     **Reservation**: Plaintiff reserves the right to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

21.     **Numerousity**: Membership in the Class is so numerous that separate joinder of each member is impracticable.  The number of Class members is unknown, but can be readily determined from Defendant's records.

22.     **Typicality**: Plaintiff is a member of the Class of victims described herein. Plaintiff contracted with Defendant for a single annual subscription to LogMeIn software. Defendant did not effectively disclose its automatic renewal policy to Plaintiff and automatically renewed the subscription at nearly double the cost of the original subscription Plaintiff purchased.  When Plaintiff complained, LogMeIn refused to refund Plaintiff the cost of the software and Plaintiff suffered monetary damage as a result.

23.     **Commonality and Predominance**: Defendant has engaged in a common course of misconduct by maintaining a practice of automatically billing customers for additional subscriptions at an increased rate beyond their initial purchase without adequately disclosing that it would do so and also by refusing to refund charges for such renewals when customers call to complain. There are numerous and substantial questions of law and fact common to all Class members that control this litigation and predominate over any individual issues.  Included within these common questions are:

a.   Whether Defendant has a corporate policy of automatically billing LogMeIn

34

purchasers for continuous, repeated, additional subscriptions of its software;

**b.**  Whether Defendant discloses its automatic billing policy to consumers at all;

**c.**  Whether Defendant discloses its automatic billing policy to consumers before fulfilling the subscription;

**d.**  Whether Defendant discloses its automatic billing policy to consumers in a clear and conspicuous manner as required by law;

**e.**  Whether Defendant has a corporate policy of refusing to refund charges for additional unauthorized renewals when consumers learn of unauthorized charges and call to complain;

**f.**  Whether Defendant obtains consumers' express and/or affirmative consent to its automatic billing policy;

**g.**  Whether Defendant provides to consumers a proper written acknowledgement of the terms of its automatic billing policy;

**h.**  Whether Defendant's cancellation policies and procedures comply with California law;

**i.**  Whether Defendant requires consumers who complain of unwanted repeat purchases and charges to bear the cost of the unwanted product; and, if so, whether doing so violates California law;

**j.**  The frequency with which consumers attempt to cancel repeat subscriptions or obtain refunds of unauthorized charges but are not allowed by Defendant to do so;

**k.**  Whether Defendant crafted its automatic renewals and billing policies to substantially increase the rate of subsequent renewals;

**l.**  Whether Defendant trained or directed its agents to conceal or not disclose its automatic renewal terms;

**m.**  Whether Defendant provided consumers with notice of the material change at all;

**n.**  Whether Defendant provided consumers with notice of the material change

34

in a clear and conspicuous manner that is capable of being retained;

**o.** Whether Defendant's failure to adequately disclose the material terms of its automatic billing policy is unlawful, unfair, and/or fraudulent, misleading, or deceitful;

**p.** Whether the acts of Defendant violated, *inter alia*, California Business & Professions Code § 17200 *et seq.*;

**q.** Whether Plaintiff and Class members are entitled to restitution under Cal. Bus. & Prof. Code §§ 17200-17203;

**r.** Whether Plaintiff and class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535;

**s.** Whether Plaintiffs and Class members are entitled to attorneys' fees and costs, including under Cal. Bus. & Prof. Code § 1021.5; and

**t.** The proper formula(s) for calculating and/or restitution owed to Class members.

24.    **Superiority and Manageability**: This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**VII.    FIRST CAUSE OF**

**ACTION**

**(Violation of California's Unfair Competition Law, §§ 17200 *et seq.*)**

23.    Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

24.    California's unfair competition law, codified in California Business & Professions Code § 17200 *et seq.*, makes actionable "any unlawful, unfair **or** fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  *See* Cal. Bus. & Prof. Code § 17200 (emphasis added).  It allows plaintiffs to seek injunctive relief as well as restitution.  *Id.* § 17203.  The law's scope "is quite broad. . . . Because the statute is framed in the disjunctive, a business practice need only meet one of the three criteria to be considered unfair competition. *McKell v. Wash. Mutual, Inc.*, 142 Cal. App. 4th 1457, 1471 (2006).  Here, Defendant's practice meets the criteria, any of which would be sufficient to give rise to liability.

<u>**Unlawful**</u>

25.    Defendant's practice is "unlawful" because it violates the Cal. Bus. & Prof. Code § 17600 *et seq* and Cal. Bus. & Prof. Code § 17600 declares that: "it is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service."

    a.    To effectuate that goal, § 17602(a) states:

    (a)    It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

    (1)    Fail to present the ***automatic renewal offer terms*** or continuous service offer terms in a ***clear and conspicuous*** manner before the subscription or purchasing agreement is fulfilled and in ***visual proximity…to the request*** for consent to the offer**.**

    (2)    Charge the consumer's credit or debit card or . . . for an automatic renewal or continuous service without first obtaining the consumer's ***affirmative consent*** to the agreement containing the automatic renewal offer terms or continuous service offer terms.

    (3)    Fail to provide an ***acknowledgment*** that includes

34

the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

(b)    A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use *mechanism for cancellation* that shall be *described in theacknowledgment* specified in paragraph (3) of subdivision (a).

(c)    In the case of a material change in the terms of the automatic renewal or continuous service offer that has been accepted by a consumer in this state, the business shall provide the consumer a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer.  Cal. Bus. & Prof. Code  17602 (emphasis added).

b.  Section 17601(c) defines "clear and conspicuous" or "clearly and

  conspicuously":
"Clear and conspicuous" or "clearly and conspicuously" means *in larger type than the surrounding text*, or in *contrasting type, font, or color to the surrounding text* of the same size, or *set off from the surrounding text* of the same size by *symbols or other marks*, in a manner that *clearly calls attention to the language*.. Cal. Bus. & Prof. Code § 17601(c) (emphasis added).

c.  Section 17601(b)(1)-(5) further defines the exact terms that must be disclosed

  clearly and conspicuously under §17602(a)(1):
"Automatic renewal offer terms" means the following clear and conspicuous disclosures:

(1)    That the subscription or purchasing agreement will continue until the consumer cancels.

(2)    The *description of the cancellation policy* that applies to the offer.

(3)    The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and *that the amount of the charge may change*, if that is the case, and the amount to which the charge will change, if known.

(4)    *The* length of the automatic renewal term or that the service is *continuous*, unless the length of the term is chosen by the consumer.

34

(5)    The minimum purchase obligation, if any. Cal. Bus. & Prof. Code § 17601(b)(1)-(5) (emphasis added).

d.  Section 17603 further provides that:

In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's **affirmative consent** as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an **unconditional gift** to the consumer, who may use or dispose of the same in any manner he or she sees fit **without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods**, wares, merchandise, or products **to the business**. Cal. Bus. & Prof. Code § 17603 (emphasis added).

e.  LogMeIn's practices as described above violate these statutory provisions for a litany of reasons.. First, LogMeIn never obtained the consumer's "explicit consent" or "affirmative consent" to the automatic renewal terms, as required by §17600 and §17602(a)(2). During the purchase process, LogMeIn never requires the consumer to affirmatively check or click any box or button stating that the consumer agrees specifically to the automatic renewal terms, or otherwise have the consumer agree specifically to the automatic renewal terms.

f.  Second, putting aside the fact that LogMeIn never obtains consumers' explicit or affirmative consent specifically to the automatic renewal terms, LogMeIn violates §17602(a)(1) because its automatic renewal terms are not disclosed in a clear and convincing manner. Further the terms are not displayed in larger type than the surrounding text, in contrasting font to the surrounding text, or set apart from the surrounding text.  The terms are not intended to "clearly call attention to the language" but rather to bury the information.

g.  Third, LogMeIn fails to tell consumers the information required under §17601(b)(1)-(5) and 17602(a)(1).  In fact, LogMeIn does not indicate the cost of the renewing subscription.

34

h. Fourth, LogMeIn violates §17602(a)(3) because it does not provide a proper acknowledgement to the consumer of his or her purchase that includes the automatic renewal terms.

i. Finally, LogMeIn violates §17603 because it charges consumers for subscriptions and fails to refund the purchase when requested by the consumer.

j. Plaintiff is informed and believes that LogMeIn's violations of these provisions occur in the same way with respect to all of its customers that purchase its software.

## Unfair

26.  California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

27.  In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

28.  Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's material and undisclosed changes to its auto-renewal agreements with consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

29.  Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception

34

utilized by Defendant converted large sums of money from Plaintiff and Class members without written authorization, or advanced notice. This systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

30.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. Defendant misappropriated funds from Plaintiff and other consumers, and these consumers suffered injury in fact due to Defendant's undisclosed and unexpected price hikes. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

31.     Pursuant to California Business & Professions Code § 17203, Plaintiff and the Class are entitled to:  (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) an order enjoining Defendant from continuing to utilize this deceptive scheme; (c) full restitution and disgorgement by Defendant of all profits received by Defendant as a result of its wrongful practices; (d) interest at the highest rate allowable by law; and (e) the payment of their attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law, § 17535

32.     Plaintiff incorporates all preceding paragraphs of this as though fully stated herein.

33.     Cal. Bus. & Prof. Code §17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. People may bring such an action on behalf of themselves or themselves and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

34.     Since June 22, 2013 prior to the filing of this complaint, and continuing to the present, Defendant has committed unlawful and unfair business acts and practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §17602.

34

35.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiff and class members in the form of payments made for Defendant's products through Defendant's auto renewal program. As a result, Plaintiff suffered an injury in fact.

36.     Plaintiff was unaware at the time of his initial order that his order would renew at a higher amount automatically unless he cancelled his account with Defendant by sending the Defendant an email.  Plaintiff was also unaware that he was receiving his initial purchase at a "discounted" rate and that his software would renew and a significantly higher rate.

37.     Plaintiff would not have paid more for their products or would not have continued using the product had Defendant provided more conspicuous notice. Defendant has profited from its unlawful and unfair acts and practices in the amount of those charges and interest accrued thereon. Had Defendant complied with its obligations under Cal. Bus. & Prof. Code § 17602, Plaintiffs would not have entered into the automatic renewal.

38.     Plaintiff and Classes are entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid by class members under the automatic renewal from four years prior to the filing of this complaint to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiffs and class members, from whom they were unlawful taken.

39.     Plaintiff and the Classes are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202.

40.     Plaintiff assumed the responsibility of the enforcement of the laws and public policies specified herein by suing on behalf of himself and other similarly situated class members. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Thus, an award of reasonable attorneys' fees to Plaintiffs is appropriate pursuant to California Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION

**Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 17250** *et seq.*

41.    Plaintiff incorporates all preceding and succeeding allegations by reference as if fully set forth herein.

42.    Plaintiff provided notice to Defendants under Cal. Civ. Code § 1782(a). More than 30 days have passed since the mailing of the letter.

43.    The Plaintiff and each member of the Class is a "consumer" within the meaning of California Civil Code § 1761(d).

44.    Defendants are "persons" that sell "goods" to "consumers" within the meaning of Sections 1761(c), (a), and (d) of the Civil Code. Each individual purchase of the Logmein Products constitutes a separate "transaction" under Section 1761(e) of the California Civil Code.

45.    As described herein, Defendants violated the CLRA by representing and creating a false original price and falsely representing the nature, existence, and amount of price discounts based on the false original price. Such a pricing scheme is in violation of California Civil Code Section 1770(a)(7), which prohibits "representing that goods ... are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another" and California Civil Code Section 1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

46.    The pricing scheme is also in violation of California Civil Code Section 1770(a)(13), which prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

47.    Additionally, the terms and conditions violate California Civil Code Section 1770(a)(13) because they contain unconscionable provisions.

48.    Defendants intended to engage in the deceptive or fraudulent acts of misrepresenting and omitting the false pricing scheme.

49.    As a direct and proximate result of Defendant's unlawful acts, the Plaintiff and all other members of the Class have suffered and will continue to suffer damages. Pursuant to Section 1780(a)(2) of the California Civil Code, Defendant should

34

be enjoined from continuing to employ the unlawful methods, acts, and practices alleged in this Complaint to prevent any future harm to Plaintiff and the Class.

50.     The California Plaintiffs, on behalf of themselves and all others similarly situated, seek equitable relief in the form of an Order prohibiting Defendant from engaging in the alleged misconduct described herein, as well as other relief, such as corrective advertising.

51.     Plaintiff and the Classes requested relief as described below.

### NINTH CAUSE OF ACTION

### (DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT, M.G.L. c. 93A, VIOLATIONS

52.     Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

53.     Plaintiff mailed notice to Defendants regarding this allegation.  The notice was delivered via certified mail on April 2, 2018.

54.     LMI engaged in trade and commerce within the Commonwealth of Massachusetts.

55.     LMI's automatic renewals and deceptive billing practices outlined in the preceeding paragraphs are a violation of M.G.L. c. 93A.

56.     The practices described herein are unfair because they offend public policy as established by statutes, the common law, or otherwise. Additionally they were unethical and unscrupulous, and caused injury to consumers

57.     LMI is liable to Plaintiff for all statutory, direct and consequential damages, and fees and costs, resulting from this breach, including multiple damages.

### VIII.   DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against GSK on each of the above-referenced claims and Causes of Action and as follows:

(a) That this action be certified as a Class Action, Plaintiffs be appointed as the representatives of the Class, and Plaintiffs' attorneys be appointed Class Counsel;

(b) An order requiring Defendant to pay restitution to Plaintiff and Class Members due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205, in the amount of their subscription agreement payments;

(c) An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all class members and to restore to Plaintiffs and class members all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

(d) That Plaintiffs and Class Members are entitled to injunctive relief and restitution pursuant to Cal. Bus & Prof. Code § 17535;

(e) That Plaintiff and Class Members be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and

(f) Any and all other relief as this Court may deem necessary or appropriate.

Dated:  July 2, 2018

**LAW OFFICE OF NOOR KAZMI**

By*: /s Noor Kazmi*

Noor Kazmi
55 Chapel Street, Suite 301
Newton, MA 02458
Tel: (617)843-3940
noor@noorkazmilaw.com

**AMARTIN LAW PC**
Alisa A. Martin*
600 W Broadway, Suite 700
San Diego, CA 92101
Telephone: 619-308-6880
alisa@amartinlaw.com

**BRENNAN & DAVID LAW GROUP**
Lindsay C. David*
2888 Loker Avenue E, Suite 302
Carlsbad, CA 92010
Telephone: 760-730-9408
lcdavid@brennandavid.com

*Attorneys for Plaintiff*

34

*Pro Hac Vice applications forthcoming