UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSHUA WORTMAN, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

LOGMEIN, INC., a Delaware corporation,

*Defendant.*

Civil Action No.: 1:18-cv-11475-GAO

**STIPULATED PROTECTIVE ORDER**

## CONTENTS

| Clause | | Page |
|---|---|---|
| I. | PROCEEDINGS AND FORM OF INFORMATION GOVERNED | 1 |
| II. | COMPUTATION OF TIME | 1 |
| III. | PROTECTED INFORMATION – TYPES OF MATERIALS WHICH MAY BE DESIGNATED "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" | 1 |
| IV. | DESIGNATING PROTECTED INFORMATION | 4 |
| V. | LIMITATIONS ON ACCESS TO AND USE OF PROTECTED INFORMATION | 6 |
| VI. | FILING PROTECTED MATERIAL | 8 |
| VII. | INADVERTENT PRODUCTION OF PROTECTED INFORMATION WITHOUT CONFIDENTIALITY DESIGNATION | 8 |
| VIII. | RESOLUTION OF DISPUTES REGARDING PROTECTED INFORMATION | 9 |
| IX. | PRIVILEGED DOCUMENTS AND INFORMATION | 10 |
| X. | REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS | 10 |
| XI. | PARTY'S OWN INFORMATION | 11 |
| XII. | APPLICABILITY TO THIRD PARTIES | 11 |
| XIII. | NO PROBATIVE VALUE | 12 |
| XIV. | TERMINATION OF LITIGATION | 12 |
| XV. | ENFORCEMENT OF THIS PROTECTIVE ORDER AND JURISDICTION | 13 |
| XVI. | MODIFICATION OF THIS PROTECTIVE ORDER | 13 |

## I. PROCEEDINGS AND FORM OF INFORMATION GOVERNED

**A.** This Protective Order shall govern any document, information, or other material or thing that is designated as containing "Confidential" and "Highly Confidential – Outside Counsel Only," information as defined herein, and is furnished by any party or non-party to any other party in connection with this case—i.e., 1:18-cv-11475-GAO —in the U.S. District Court for the District of Massachusetts ("Action"). The Parties bound by this Protective Order include:

**1.** Plaintiff Joshua Wortman, proposed Plaintiff Cathy Fitch, and the class Plaintiff seeks to represent; and

**2.** Defendant LogMeIn, Inc., and proposed Defendant LogMeIn USA, Inc.

**B.** The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or things, interrogatories, requests for admissions, subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. For purposes of this Protective Order, "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 26.5(c) of the Local Rules.

## II. COMPUTATION OF TIME

**A.** The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## III. PROTECTED INFORMATION – TYPES OF MATERIALS WHICH MAY BE DESIGNATED "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

**A.** Any oral or written communications, documents, or tangible things; responses to interrogatories; responses to requests for admission; deposition testimony; deposition transcripts and exhibits; other responses to requests for information and/or other written information or materials produced in this Action by any party or non-party (collectively, "Discovery Materials") may be designated by a producing party or non-party as "Confidential" or "Highly Confidential – Outside Counsel Only," under this Protective Order, if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal

standards and the definitions below. Both of the identified categories of information are referred to collectively in the Order as "Protected Information." Hereinafter, "Producing Party" shall refer to the party or non-party who produces or provides Discovery Materials, and "Receiving Party" shall refer to the party who receives Discovery Materials from another party or non-party.

**B.     Information Designated as "Confidential Information"** –"Confidential Information" shall include any Discovery Materials that the Producing Party reasonably believes not to be in the public domain and contains commercially sensitive information or information that employees, officers or directors of a Producing Party have a fiduciary duty to not disclose to third parties. "Confidential Information" shall include, for example, the following (oral and written) communications, documents, and tangible things produced or otherwise exchanged: financial records and/or related documents; communications pertaining to the revenue and profits of the products at issue, documents and communications containing a customer's personal or business address, phone number, and other similar contract information; documents and communications containing information or data relating to future products not yet commercially released; documents and communications containing information or data relating to business, marketing, and/or product strategy; documents and communications containing information or data relating to commercial or settlement agreements; documents and communications relating to market and/or competitive analyses; third-party confidential information, etc.

   **1.** Unless otherwise ordered by the Court or agreed to by the Producing Party, access to Discovery Materials marked "Confidential" shall be made available to the following "qualified persons":

     a. Outside attorneys of record, who have entered an appearance for a Party in this Action, and, if the attorney of record is a member of a law firm, the attorneys, paralegals, and staff of the law firm to whom it is reasonably necessary to disclose the Discovery Materials in this Action (collectively, "Outside Counsel");

     b. Copy and clerical litigation, document management, and electronic data support services working at the direction of Outside Counsel;

c. In-house counsel for each Party who are members in good standing of the bar in at least one U.S. state;

d. The Parties;

e. Graphics, translation, design, jury research consultants and/or trial consulting personnel;

f. Mock jurors who have signed an undertaking or agreement not to publicly disclose Protected Information and to keep any information concerning Protected Information confidential;

g. The Court, its personnel, and any court reporters and videographers involved in taking or transcribing testimony in this Action, as well as any court considering any appeal or petition in this matter and that court's personnel; and

h. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court.

C. **Information Designated as "Highly Confidential – Outside Counsel Only"** – The "Highly Confidential – Outside Counsel Only" designation is reserved for non-public technical documents and things pertaining to the design, testing, development, architecture, and operation of devices, systems, or processes, including schematics, drawings, flow charts, technical journals, experiments or experimental results, data, specifications, and other design documents, as well as other sensitive information that constitutes or contains: (a) trade secrets; (b) current and future business and marketing plans, except for advertisements or communications that have been disclosed to the public; (c) research and development activities, including technology, know-how and the like, which have not been disclosed to the public; (d) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the Producing Party has taken reasonable steps to keep the terms of such agreements and related negotiations-as distinct from the existence of the commercial relationship-out of the public domain; (e) non-public communications with United States or foreign regulatory agencies; (f) financial information, including non-public sales

information, customer lists, purchases by customers, communications with potential customers, sales projects, profit calculations, income, and costs (i.e., production, marketing, and overhead); (g) Confidential Information of a third party that a Party is required to maintain as confidential under the terms of an agreement or other understanding; or (h) any other category of non-public information either belonging to or held in confidence by the producing party the disclosure of which will materially harm the producing party.

        1.        Documents, information or other material designated Highly Confidential – Outside Counsel Only and information contained therein shall be made available to the following "qualified persons":

        a.        Outside Counsel;

        b.        Copy and clerical litigation, document management, and electronic data support services working at the direction of Outside Counsel;

        c.        Graphics, translation, design, jury research consultants, and/or trial consulting personnel;

        d.        Mock jurors who have signed an undertaking or agreement not to publicly disclose Protected Information and to keep any information concerning Protected Information confidential;

        e.        The Court, its personnel, and any court reporters and videographers involved in taking or transcribing testimony in this Action, as well as any court considering any appeal or petition in this matter and that court's personnel; and

        f.        Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court.

## IV. DESIGNATING PROTECTED INFORMATION

        A.        Any information produced in this Action that is reasonably believed by the Producing Party to contain confidential information may be designated as Confidential or Highly Confidential – Outside Counsel Only as appropriate.

B. The designation of information as Confidential or Highly Confidential – Outside Counsel Only shall be made at the following times:

1. For documents and things, at the time of their production. However, in the event that a Producing Party elects to produce documents and things for inspection pursuant to Fed. R. Civ. P. 34(b), no designation must be made prior to inspection. For purposes of the inspection, all materials shall be considered Highly Confidential – Outside Counsel Only until any such materials are produced. For Confidential or Highly Confidential – Outside Counsel Only information, upon request for copying, the Producing Party shall designate such material with the appropriate confidentiality marking;

2. For written responses to interrogatories or requests for admissions, at the time of the written response;

3. For declarations and pleadings, at the time of the filing of such declaration or pleading or as otherwise required by the Court;

4. For deposition testimony, at the time of the testimony or within seven (7) days after receipt by the designating Party of the final transcript of the deposition (thus, all deposition testimony is to be presumptively treated as Highly Confidential – Outside Counsel Only during that seven (7) day period), as set forth in Section III.C; and

5. For oral disclosures (other than deposition testimony), through confirmation in writing within seven (7) days of the disclosure thereof.

C. The designation of information shall be made in the following manner:

1. For documents, by placing a legend on each page of such document;

2. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Highly Confidential – Outside Counsel Only information, or shall use any other reasonable method for so designating Protected Materials produced in electronic format;

3. For tangible objects, by placing a label or tag on the object or the container therefore, or if not practicable, as otherwise agreed;

4. For written responses to interrogatories or requests for admissions, in writing on the face of any such responses;

5. For declarations or pleadings, in writing on the face of any such declaration or pleading;

6. For deposition transcripts, the Court Reporter shall include on the cover a clear indication that the transcript contains Confidential or Highly Confidential – Outside Counsel Only information, as the case may be. Any document designated as Confidential or Highly Confidential – Outside Counsel Only that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition.

**D.** It shall be the duty of the Party seeking protection of Confidential or Highly Confidential – Outside Counsel Only information to indicate to the other Party and its Outside Counsel which of the materials and testimony are considered Confidential or Highly Confidential – Outside Counsel Only information.

**E.** Each Party retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such re-designations from that time forward.

## V. LIMITATIONS ON ACCESS TO AND USE OF PROTECTED INFORMATION

**A.** All Discovery Materials designated as Confidential or Highly Confidential – Outside Counsel Only shall be used solely for the purpose of this Action and not for any other purpose, including but not limited to use in other litigation or for any business purposes.

**B.** Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs or discovery response that paraphrase, extract, or contain Protected Information and any electronic image or database containing Protected Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilations, notes, copy, memoranda, analysis, electronic image, reports, briefs, discovery response or database is derived. Any person found to have made an

impermissible use of any Protected Information produced in this Action may be subject to, without limitation, appropriate civil penalties, including for contempt of court.

**C.** All materials designated as Confidential or Highly Confidential – Outside Counsel Only shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under the Protective Order.

**D.** Notwithstanding the provisions in Sections III.B–C, a document designated Confidential or Highly Confidential – Outside Counsel Only may be disclosed, at a deposition or otherwise, to any current employee of the Producing Party or to any author or recipient of the Protected Information identified on the face of the document, unless a different result is agreed to by counsel for the Parties.

**E.** Counsel for a Party may disclose Protected Information to any actual or potential witness provided counsel has obtained prior written consent of the Producing Party. Notwithstanding the provisions in Sections III.B–C, consent need not be obtained if the person is an author, recipient or current custodian of the Confidential or Highly Confidential – Outside Counsel Only document, or a corporate designee of the Producing Party pursuant to Federal Rule 30(b)(6).

**F.** <u>Depositions.</u> At any deposition session, when Counsel for a Party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel, and individuals specified in Sections III.B–C hereof who have access to the pertinent category of Protected Information, exit the deposition room during the Confidential or Highly Confidential – Outside Counsel Only portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for Counsel to advise the witness that he or she need not answer the question pending.

**G.** <u>Trial.</u> In the event that any Protected Information is used in any pre-trial court hearing or proceeding in this Action, and there is any dispute as to whether such material

continues to be Confidential or Highly Confidential – Outside Counsel Only, the Parties will meet and confer to resolve such dispute. The Parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Protected Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each non-party producing any Protected Information that may be used or introduced at such trial or hearing. The Parties shall provide non-parties with notice of potential use at trial of any Protected Information produced by them prior to commencement of trial.

     **H.**    Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

## VI.    FILING PROTECTED MATERIAL

     **A.**    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

     **B.**    Any Party must comply with Local Rule 7.2 and receive leave of court if it wishes to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

## VII.    INADVERTENT PRODUCTION OF PROTECTED INFORMATION WITHOUT CONFIDENTIALITY DESIGNATION

     **A.**    The production of any document or information without an appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection. With respect to documents, the Producing Party shall promptly upon discovery notify the other Parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for the disclosure shall immediately notify the receiving Party,

and the receiving Party shall make every effort to prevent further unauthorized disclosure, to retrieve all copies of the Protected Information from unauthorized recipient(s) thereof, and to secure the agreement of the unauthorized recipients not to further disseminate the Protected Information in any form. Other than as specified herein, the taking of, or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this Action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any Party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets of any Party.

## VIII. RESOLUTION OF DISPUTES REGARDING PROTECTED INFORMATION

A. If any Party disagrees with the designation by the Producing Party or non-party of any Discovery Material as Confidential or Highly Confidential – Outside Counsel Only, then the Parties to the dispute, after providing notice to all Parties in this Action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated according to the level of confidentiality designated by the Producing Party pending resolution of the Parties' dispute. If the Parties are unable to resolve the matter informally, the objecting Party may file an appropriate motion before the Court. In response to a motion brought pursuant to this paragraph, the designating Party must show good cause to maintain the level of confidentiality as to the document in dispute and bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential – Outside Counsel Only within the definition(s) of those term(s) set forth above.

B. Entering into, agreeing, and/or complying with the terms of this Protective Order shall not: (1) operate as an admission by any Party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (2) prejudice in any way the right of a Party at any time to: (a) seek a determination by the Court of whether any particular document, item, or material or piece of

information should be subject to the terms of this Order; (b) seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular document, item, or piece of information; (c) object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; (d) seek a higher level of protection than provided for by this Protective Order if the Party believes that unique circumstances warrant that higher level of protection; or (e) seek documents or other information from any source.

## IX. PRIVILEGED DOCUMENTS AND INFORMATION

**A.** Any Party that inadvertently produces or discloses any documents or information subject to a claim of privilege or protection ("Privileged Material") must, promptly upon discovery of the inadvertent production or disclosure, notify the Receiving Party in writing. Within 7 days of receiving the written notification, the Receiving Party must (A) return, destroy, or sequester the Privileged Material (and any copies); and (B) respond with a written certification that the Privileged Material (and any copies) have been returned, destroyed, or sequestered. The Receiving Party may not use or disclose the Privileged Material until any issue of privilege or protection is resolved by agreement of the Parties or by the Court.

**B.** If a Party becomes aware that it has received documents or information that it believes to be inadvertently produced Privileged Material, then counsel for that Party must immediately take steps to (A) notify the Producing Party and (B) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

**C.** Nothing in this Order requires disclosure of Privileged Material. Inadvertent production of Privileged Material does not constitute a waiver of the claim of privilege or protection.

## X. REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS

**A.** If any Party has obtained Protected Information under the terms of this Protective Order and receives a subpoena or other compulsory process commanding the production of such

Protected Information, such Party shall (a) promptly notify the Producing Party, and (b) provide the Producing Party with an opportunity to move for a protective order. The subpoenaed Party shall not produce any Protected Information in response to the subpoena without the prior written consent of the Producing Party, unless in response to an order of a court of competent jurisdiction.

**B.** By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion or subpoena to disclose another Party's Protected Information pursuant to this Order shall promptly notify that Party of the motion or subpoena so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## XI. PARTY'S OWN INFORMATION

**A.** The restrictions on the use of Protected Information established by this Protective Order are applicable only to the use of Protected Information received by a Party from another Party or from a non-party. A Party is free to do whatever it desires with its own Protected Information.

**B.** Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, materials, or information lawfully obtained by such Party or witness independently of the discovery proceedings in this Action, whether or not such documents, materials, or information are also obtained through discovery proceedings in this Action.

## XII. APPLICABILITY TO THIRD PARTIES

**A.** Any third party from whom discovery is sought by a Party to this Action may avail itself of the protections and limitations of disclosure provided for in this Protective Order. The third party shall identify any Confidential or Highly Confidential – Outside Counsel Only information produced in accordance with this Protective Order. The Parties hereby agree to treat any material designated Confidential or Highly Confidential – Outside Counsel Only and

produced by a third party in accordance with the terms of this Protective Order. The Parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any third party.

## XIII. NO PROBATIVE VALUE

**A.** The fact that information is designated as Protected Information under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of all Parties, the fact that information has been designated Protected Information under this Protective Order shall not be admissible during the trial of this Action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed as an admission regarding its confidentiality and shall not be used in any action or proceeding before any court, agency, or tribunal as evidence of, or concerning, whether such information is confidential or proprietary.

## XIV. TERMINATION OF LITIGATION

**A.** Within sixty (60) days after the entry of a final non-appealable judgment or order, each Party shall use reasonable efforts to return or destroy all Protected Information it has received from another Party, which is reasonably accessible in the ordinary course of business, and certify that fact.

**B.** The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential or Highly Confidential – Outside Counsel Only material from (1) disaster recovery or business continuity backups, (2) unstructured departed employee data, and/or (3) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of certifying destruction of Confidential or Highly Confidential – Outside Counsel Only material, but such retained information shall continue to be treated in accordance with the Order.

**C.** Notwithstanding the foregoing, Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, trial transcripts (and

exhibits thereto), legal memoranda, and attorney work product that contain or refer to Confidential or Highly Confidential – Outside Counsel Only material provided that such counsel and employees of such counsel shall not disclose such material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

  **D.** Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order directs otherwise.

## XV. ENFORCEMENT OF THIS PROTECTIVE ORDER AND JURISDICTION

  **A.** This Protective Order shall survive the final conclusion of this Action and the Court shall have jurisdiction to enforce this Protective Order beyond the conclusion of this Action.

  **B.** The recipient of any Confidential or Highly Confidential – Outside Counsel Only information hereby agrees to subject himself/herself to the jurisdiction of this Court of the purpose of any proceedings related to the performance under, compliance with, or violations of this Protective Order.

  **C.** A Party that becomes aware of any breach of this Protective Order shall notify the Party whose Protected Information the breach concerns immediately, but not later than two (2) days after learning of the breach, including detailing the circumstances of the breach.

## XVI. MODIFICATION OF THIS PROTECTIVE ORDER

  **A.** This Protective Order shall not affect the right of any Party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure.

  **B.** Nothing in this Order shall prejudice the right of any Party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other Parties and affected non-

Parties in the form of a written stipulation or noticed motion to all Parties that must be served and filed in accordance with local Court rules.

C. The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information.

D. Any amendments to this Order must be approved by the Court.

E. Nothing shall be filed in Court pursuant to the terms of this order and this order shall not be referenced as a grounds for sealing.

Accordingly, the Court adopts the above Protective Order in this Action.

Respectfully submitted,

LATHAM & WATKINS LLP

*/s/ William J. Trach*
William J. Trach (BBO # 661401)
Timothy J. McLaughlin (BBO# 691319)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4514
Facsimile: (617) 948-6001
william.trach@lw.com
timothy.mclaughlin@lw.com

*Attorneys for Defendant LogMeIn, Inc.*

AMARTIN LAW PC

*/s/ Alisa A. Martin*
Alisa A. Martin*
600 W Broadway, Suite 700
San Diego, CA 92101
Telephone: 619-308-6880
alisa@amartinlaw.com

LAW OFFICE OF NOOR KAZMI

Noor Kami, BBO# 568884
55 Chapel Street, Suite 301
Newton, MA 02458
617-843-3940
noor@noorkazmilaw.com

BRENNAN & DAVID LAW GROUP

Lindsay C. David*
2888 Loker Avenue E, Suite 302
Carlsbad, CA 92010
Telephone: 760-730-9408
lcdavid@brennandavid.com

*Attorneys for Joshua Wortman*

SO ORDERED, this 29th day of August, 2019.

/s/ George A. O'Toole, Jr.
The Honorable George A. OToole, Jr.
United States District Judge

15